# Exhibit A

**UNITED STATES DISCTICT COURT**
**DISTRICT OF NEW JERSEY**

_____x

| | | |
|---|---|---|
| **ALEX G. LEONE,** | : | **DECLARATION SUPP-** |
| **Plaintiff,** | : | **ORTING MOTION FOR** |
| v. | : | **PRELIMINARY** |
| | : | **INJUNCTION** |
| **ESSEX COUNTY PROSECUTOR'S OFFICE,** | : | Docket No. 2:21-cv-12786 |
| **THEODORE STEPHENS II,** | : | |
| **ROMESH SUKHDEO,** | : | |
| **GWENDOLYN WILLIAMS,** | : | |
| **and** | : | |
| **ROGER IMHOF,** | : | |
| **in their individual and official capacities,** | : | |
| **Defendants.** | : | |

_____x

Under 28 U.S.C. § 1746, Alex G. Leone states that the following is true and correct:

1. I have been an employee of the Essex County Prosecutor's Office since 2019.

2. I have been employed in the "Intellectual Property/Financial Crimes" section of this office for approximately the past eleven months to a year.

3. During this time, all in-person court appearances, witness interviews, or other in-person obligations for which I have been responsible have proceeded normally and efficiently, including on days I was working from home. (I have worked from home approximately each day of every other week, except during December 2020 through January 2021, as well as limited other times, when I was permitted to work from home fulltime for secular reasons.)

4. During this time, there has never been an emergent matter that necessitated my immediate physical presence in the office. I am not sure what such a hypothetical scenario would be like.

5. During this time, any "ad hoc" meetings conducted in person in the office have been indistinguishable from any "ad hoc" meetings conducted over the phone from home.

6. As a general matter, meetings conducted through the phone or "Teams" permit efficient collaboration and communication. In fact, Defendants' chosen method of meeting has often been through the phone or "Teams," such as on May 6, 2021.

7. As a general matter, compliance with all work rules and attendance to all work responsibilities are completely consistent with working from home.

8. Defendants' widely-permitted current work-from-home system (e.g., signing in to work via email, administratively making case documents accessible on an online platform, and efficiently completing work on a laptop) has shown this.

9. Even so, I am, and have always been, fully willing to be physically present for anything required by my job responsibilities—including, for instance, in-person court appearances, witness interviews, or any other obligation.

10. Employees in the "Adult Trial" section were permitted by Defendants to work from home fulltime during November 2020 into June 2021 for secular reasons. (Plaintiff is informed of this directly by employee(s) in that section.)

11. Employees in the "Appellate" section were permitted by Defendants to work from home fulltime during March 2020 through the present day for secular reasons. (Plaintiff is informed of this directly by employee(s) in that section.)

12. On information and belief, other employees have been permitted to work from home for secular reasons as well.

13. When physically present in the office, I am forced to forgo a prayer practice I engage in throughout every work day. (I engage in this practice every day except Sunday.) My religious belief is that the peace and solitude required for this practice are impossible in the office.

14. This prayer practice and the religious belief underlying it are sincerely held and have formed part of my daily life for more than a year.

15. Requiring me to commute to and range a public park to seek peace and solitude each time I feel the need to pray would also force me to forgo this practice, including the spontaneous aspects of it—as would being confined to a soundproof room with no windows.

16. Forgoing my prayer practice causes adverse spiritual, psychological, and even physical effects on me.

17. Working at my nearby home is generally a sure way to ensure I can engage in my required prayer practice as well as attend to all work responsibilities efficiently. My prayer practice has never interfered in my work.

18. Defendants are aware of or have previously been advised of the foregoing facts.

I declare under penalty of perjury, under the laws of the United States and the State of New Jersey, that the foregoing is true and correct to the best of my knowledge.

**Executed on:** July 30, 2021

By: /s/Alex G. Leone
**Alex G. Leone**