**UNITED STATES DISCTICT COURT**
**DISTRICT OF NEW JERSEY**

―――――――――――――――――――――――――――x

| | | |
|---|---|---|
| **ALEX G. LEONE,** | : | **BRIEF SUPPORTING** |
| Plaintiff, | : | **EMERGENCY MOTION** |
| v. | : | **FOR INJUNCTION** |
| | : | **PENDING APPEAL** |
| **ESSEX COUNTY PROSECUTOR'S OFFICE,** | : | Docket No. 2:21-cv-12786 |
| **THEODORE STEPHENS II,** | : | |
| **ROMESH SUKHDEO,** | : | |
| **GWENDOLYN WILLIAMS,** | : | |
| and | : | |
| **ROGER IMHOF,** | : | |
| in their individual and official capacities, | : | |
| Defendants. | : | |

―――――――――――――――――――――――――――x

Under Federal Rules of Civil Procedure 7 and 62, and in accordance with Federal Rule of Appellate Procedure 8(a)(1), Plaintiff Alex G. Leone respectfully requests a preliminary injunction prohibiting Defendants from burdening his religious exercise or discriminating against him during the pendency of his appeal.

Plaintiff faces irreparable harm in the absence of injunctive relief. As the Supreme Court has made clear, a person is "irreparably harmed by the loss of free exercise rights '*for even minimal periods of time*.'" *Tandon v Newsom*, 141 S. Ct. 1294, 1297 (2021) (emphasis added) (citing *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020)); (*see also* D.E. No. 12 at 3 (Defendants conceding that "[t]he harm allegedly suffered by Plaintiff . . . is difficult, if not impossible, to quantify and thus even more challenging to remedy")). The Court apparently recognized this rule on the record. Yet, here, the loss of Plaintiff's free exercise rights is not only minimal in duration but,

1

according to Defendants themselves, it is categorical and permanent. (*See* D.E. No. 1 ("Compl.") Ex. D at 2-3 (prohibiting Plaintiff's free exercise even "in the future")).

While Defendants correctly recognize that the religious beliefs underlying this case are sincerely held (D.E. No. 11 at 3; *see* D.E. No. 8-2 ¶ 13 ("My religious belief is that the peace and solitude required for [my prayer] practice are impossible in the office."); Compl. ¶¶ 19-27 (describing Plaintiff's religious beliefs)), they illegitimately attempt to dispute the content of those beliefs (*see, e.g.*, D.E. No. 11 at 14-15 (illegitimately disputing that "Plaintiff must forego prayer when he is in the office"); *see also* D.E. No. 13 at 10-12). *See, e.g.*, *Fulton v. City of Philadelphia*, 593 U.S. __, __ (slip op.) at 5 (June 17, 2021) ("[R]eligious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." (quoting *Thomas v. Review Bd. of Ind. Employment Security Div.*, 450 U. S. 707, 714 (1981)); *Thomas*, 450 U.S. at 715 ("Courts should not undertake to dissect religious beliefs.").

In addition, Plaintiff has demonstrated a strong likelihood of success on the merits (*see, e.g.*, D.E. No. 8-1 at 5-14; D.E. No. 13 at 2-8), a demonstration which the Court rejected perfunctorily on the record without citation to any legal authority such as a Supreme Court case,[1] and without citing any specific fact or concrete example offered by Defendants in support of their religious discrimination. (No such facts or examples exist, in the record or otherwise.) *See, e.g.*, *Fulton* (slip op.) at 13-14:

> **The [government] states [its] objectives at a high level of generality, but the First Amendment demands a more precise analysis.** *See Gonzales v. O Centro Espírita Beneficente União do Vegetal*, 546 U. S. 418, 430–432 (2006) (discussing the compelling interest test applied in *Sherber*t and *Wisconsin v. Yoder*, 406 U. S. 205 (1972)). Rather than rely on "broadly formulated interests," courts

---

[1] The Court confirmed on the record that it would not be providing a written opinion (e.g., one containing citations to legal authority).

2

> must "scrutinize[] the asserted harm of granting specific exemptions to particular religious claimants." *O Centro*, 546 U. S., at 431. **The question, then, is not whether the [government] has a compelling interest in enforcing its . . . policies generally, but whether it has such an interest in denying an exception to [*Plaintiff in particular*].**

(emphases added); (*see also* Compl. Ex. D at 2-3 (providing at an extremely high level of generality the rationale for religious discrimination that Defendants "st[ood] by" (Compl. Ex. G)); D.E No. 11-3 ¶¶ 5 & 8 (virtually same)). In addition, the Court "misallocated the burden of demonstrating narrow tailoring," *see Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017), and disregarded the Supreme Court's ruling that a plaintiff in a First Amendment case *"must be deemed likely to prevail on the merits" unless the government justifies its burdening of free exercise* under the appropriate level of legal scrutiny, *see Ashcroft v. American Civil Liberties Union*, 542 U.S. 656, 666 (2004) (emphasis added); *O Centro*, 546 U. S. at 429. Here, the Defendants asserted that rational basis is the appropriate level of legal scrutiny (D.E. No. 12 at 10-11); but despite denying the motion, the Court apparently did not make a ruling on that question, and *Fulton*, *Tandon*, *Roman Catholic Diocese*, *Fraternal Order*, and multiple additional cases make it very clear that rational basis does not apply here.

Moreover, Defendants' vague assertions as to their interests have been debunked—repeatedly— including with testimony provided under penalty of perjury. (*See, e.g.*, Compl. Ex. E at 2-6; Compl. ¶¶ 35-67; D.E. No. 8-1 at 12-14; D.E. No. 8-2 ¶¶ 3-11; *see also* D.E. No. 8-1 at 12 n.5). In contrast, in response to the motion for a preliminary injunction, Defendants again offered only vague assertions at the same impermissibly high level of generality (*see* D.E No. 11-3 ¶¶ 5 & 8) as they did originally

(*see* Compl. Ex. D at 2-3).[2] *See, e.g.*, *Fulton* (slip op.) at 13-14. And Defendants' discrimination has been and continues to be totally untailored. *Fraternal Ord. of Police Newark Lodge No. 12 v. City of Newark*, 170 F.3d 359, 363 (3d Cir. 1999) (**"[W]e believe that the plaintiffs are entitled to a religious exemption since the [government] already makes secular exemptions."**); *id.* at 366-67 (*rejecting even physical safety* as a satisfactory rationale for the government's religious discrimination because the government's discriminatory "policy w[as] not tailored to serve that interest").

On the final preliminary injunction factor, the Court did not permit oral argument; and apparently the Court did not consider this factor in reaching its ruling. But this factor, like the other two, clearly favors granting preliminary relief. (*See, e.g.*, D.E. No. 8-1 at 15-16; D.E. No. 13 at 13-21).[3]

In sum, for all of the reasons advanced in Plaintiff's prior filings and above, (1) Plaintiff is likely to succeed on the merits of his Constitutional claim, *see generally Fulton & Fraternal Order*; *see, e.g.*, *Reilly*, 858 F.3d at 179; (2) an injunction pending appeal is necessary to prevent irreparable harm to Plaintiff, *see, e.g.*, *Tandon*, 141 S. Ct. at 1297; and (3) the balance of equities favors an injunction—this injunction would serve the public interest, *see, e.g.*, *Fulton* (slip op.) at 13-14; *Tenafly Eruv Ass'n v. Borough of Tenafly*, 309 F.3d 144, 178 (3d Cir. 2002).

---

[2] The certification appended to Defendants' motion briefing—which is apparently Defendants' only attempt at providing evidence, and which contains only vague re-assertions of Defendants' putative interests—is not competent evidence. *See* 28 U.S.C. § 1746 (requiring certification "under penalty of perjury"). The Court apparently did not address this issue. (*See, e.g.*, D.E. No. 13 at 14 n.14).

[3] The Court's analysis contained multiple clearly-identifiable legal errors, *see, e.g.*, *Fulton* (slip op.) at 13-14; *Tandon*, 141 S. Ct at 1297-98; *Roman Catholic Diocese*, 141 S. Ct. at 66 & 68; *Hobbie v. Unemployment Appeals Commission*, 480 U.S. 136, 144 (1987); *Fraternal Order*, 170 F.3d at 363, 366-67, which could be further explained when Plaintiff is granted access to a recording or transcript of the September 7 hearing. (To this end, within minutes after the conclusion of the hearing, Plaintiff contacted and left a message for the Court Reporter.)

Plaintiff therefore respectfully request that, during the pendency of the appeal, the Court enjoin Defendants from disciplining or otherwise disadvantaging Plaintiff for his free exercise of religion and maintain the status quo that was in effect when the original motion for a preliminary injunction was filed, which permitted Plaintiff and other employees to engage in remote work for secular reasons halftime or fulltime, and during which time Plaintiff was able to pray in accordance with his religion.

**Respectfully submitted,**

**By**: /s/Alex G. Leone
**Alex G. Leone**
**P.O. Box 1274,**
**Maplewood, New Jersey 07040**
**aleone@jd16.law.harvard.edu**

**Date:** September 7, 2021

**CERTIFICATE OF SERVICE**

Alex G. Leone hereby certifies that this brief is served electronically on the defendants in this matter and their counsel on September 7, 2021.  *See* L. Civ. R. 5.2, Section 14(b)(1).

/s/ Alex G. Leone
**Alex G. Leone**
**P.O. Box 1274**
**Maplewood, New Jersey 07040**
**aleone@jd16.law.harvard.edu**
